BENAVIDES, Circuit Judge,
concurring in part and dissenting in part:
I agree with my colleagues that Guardian Services is not a qualified chain member with respect to Guardian Bank and that Guardian Services’ deficits therefore cannot be used to offset Guardian Bank’s subpart F income for tax purposes. I also agree that the Stan-fords had reasonable cause and acted in good faith with respect to the understatement of their 1990 tax liability and consequently should not be assessed as accuracy-related penalty. I concur in the majority’s reasoning in reaching those conclusions and write separately only to voice my dissent on the issue of whether the deficits of Stanford Financial were “attributable to” the qualified activity of Guardian Bank within the meaning of 26 U.S.C. § 952(c)(l)(C)(i). I would hold that Stanford Financial’s deficits were attributable to the qualified activity of Guardian Bank, and that the Stanfords therefore should be allowed to offset the income of the latter by the losses of the former.
It is undisputed that Stanford Financial is a qualified chain member with respect to Guardian Bank, that Stanford Financial generated deficits of $154,474 during the 1990 tax year as a result of providing administrative and management services to Guardian Bank, and that those services supported a “qualified activity” (banking) within the meaning of 26 U.S.C. § 952(c)(l)(B)(iii). Thus, the only question before us is whether those deficits are attributable to that qualified activity. The majority defines “attributable to” to mean “due to, caused by, or generated by” — a definition I accept. I do not, however, believe it is significant that the Stanfords say Stanford Financial’s deficits were “driven solely by” and “directed solely to” Guardian Bank’s qualified activity rather than using the words “due to, caused by, or generated by.” It seems clear that their point is that administrative and management services are “attributable to” the activity they support and this seems to me, as a matter of the plain meaning of the phrase, to be true. The majority seems to be construing the phrase “attributable to ” so strictly as to implicitly require that deficits offset pursuant to § 952(c)(l)(C)(i) be generated by an entity itself engaged in a qualified activity — a view which I believe misreads the provision. Because I believe that the costs of administrative and management services provided in support of a qualified activity are caused by a qualified activity, I would find that the Stan-fords should be allowed to use the deficits of Stanford Financial to offset the profits of Guardian Bank for purposes of computing their 1990 tax liability.